DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Herbert A. Hilton, appeals from the judgment of the Summit County Court of Common Pleas, which convicted him of trafficking in cocaine, possession of cocaine, and illegal use or possession of drug paraphernalia. We affirm.
 I. {¶ 2} On September 26, 2002, the officers from the Akron Police Department executed a search warrant issued for the premises at 75 West Glenwood Avenue in Akron, Ohio, to search for drugs, weapons, and money. After the officers announced their presence and entered the residence, they found eight adults, including Mr. Hilton, present in the house. Mr. Hilton and the others were arrested, while the officers continued conducting their search.
 {¶ 3} On October 8, 2002, the Summit County Grand Jury indicted Mr. Hilton on the following: (1) one count of having weapons while under disability, in violation of R.C.2923.13(A)(5), a fifth degree felony; (2) one count of possession of cocaine, in violation of R.C. 2925.11(A), a second degree felony; (3) one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor; (4) one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a first degree felony; and (5) one count of possession of criminal tools, in violation of R.C.2923.24, a fifth degree felony. Mr. Hilton entered a plea of not guilty to these charges.
 {¶ 4} Prior to trial, the court dismissed the possessing criminal tools charge, per the State's recommendation. A jury trial was held on the remaining charges. On May 9, 2003, a jury acquitted Mr. Hilton of the having weapons while under disability charge, but found Mr. Hilton guilty of trafficking in cocaine, possession of cocaine, and illegal use or possession of drug paraphernalia. The trial court sentenced him accordingly. This appeal followed.
 {¶ 5} Mr. Hilton timely appealed, asserting two assignments of error for review. Because Mr. Hilton's first and second assignments of error revolve around the same set of factual circumstances, we address them together.
 II. First Assignment of Error
"Appellant's convictions for possession of a controlled substance and possession of drug paraphernalia are against the manifest weight and sufficiency of the evidence."
 Second Assignment of Error
"Appellant's convictions [sic.] for trafficking is against the manifest weight and sufficiency of the evidence."
 {¶ 6} In his first assignment of error, Mr. Hilton contends that the evidence in the record did not support a finding of guilt on his convictions for possession of cocaine and possession of drug paraphernalia, and that these convictions are also against the manifest weight of the evidence. In his second assignment of error, Mr. Hilton avers that his conviction for trafficking in cocaine is not supported by sufficient evidence in the record and is also against the manifest weight of the evidence.
 {¶ 7} Initially, we note that Mr. Hilton did not properly preserve a portion of the error that he assigned to his conviction for possession or use of drug paraphernalia. Mr. Hilton's counsel moved for acquittal pursuant to Crim.R. 29 at the close of the State's evidence and also renewed the motion, which the court denied in both instances. After a careful review of the record, however, we observe that when counsel initially raised the motion, he proceeded to argue specific grounds for the motion. Particularly, counsel challenged the issue of Mr. Hilton's possession of the crack cocaine, and based on the possession of crack cocaine raised the issue of trafficking in crack cocaine. However, counsel only discussed the issue of possession with respect to the crack cocaine, and does not mention the issue of possession of the drug paraphernalia.
 {¶ 8} It is a fundamental principle of appellate review that a court will not consider an error that an appellant was aware of, yet failed to bring to the attention of the trial court.State v. Awan (1986), 22 Ohio St.3d 120, 122; State v.Williams (1977), 51 Ohio St.2d 112, 117. Moreover, appellate courts in Ohio have held that if a defendant sets forth specific grounds in his motion for acquittal, he or she waives review of all grounds not specified. See State v. Swanner, 4th Dist. No. 00CA2732, 2001-Ohio-2470; State v. Cayson (May 14, 1998), 8th Dist. No. 72712, citing U.S. v. Dandy (C.A. 6, 1993),998 F.2d 1344, 1356-57 (stating that "[a]lthough specificity of grounds is not required in a [Crim.R. 29] motion, * * * all grounds not specified are waived" (Citations omitted.)).
 {¶ 9} Because Mr. Hilton set forth specific grounds in his Crim.R. 29 motion, but did not include the argument that the State failed to prove that Mr. Hilton had illegally used or possessed drug paraphernalia, he has waived the sufficiency argument he raises in his first assignment of error with respect to his conviction for possession of drug paraphernalia. Therefore, we are precluded from addressing it.
 {¶ 10} We now address Mr. Hilton's remaining arguments regarding his convictions for possession of crack cocaine, illegal use or possession of drug paraphernalia, and trafficking in crack cocaine. As a preliminary matter, the Court observes that sufficiency of the evidence and weight of the evidence are legally distinctive issues. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 11} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 12} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Sufficiency of the evidence is required to take a case to the jury; therefore, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Id.
 {¶ 13} In the present case, Mr. Hilton specifically argues in support of his first assignment of error that the State failed to establish that he had possession of crack cocaine and drug paraphernalia. Specifically, Mr. Hilton argues that the State failed to show that he had actual, physical, or constructive possession of the crack cocaine. He further argues that the State did not produce any evidence tending to show that he was conscious of the presence of the crack cocaine in the house, and that the State failed to introduce evidence showing that he was able to exercise dominion or control over the crack cocaine. Mr. Hilton also argues that no evidence was introduced that showed that he occupied the house.
 {¶ 14} The jury in this case found Mr. Hilton guilty of possession of cocaine, in violation of R.C. 2925.11(A); illegal use or possession of drug paraphernalia, in violation of R.C.2925.14(C)(1); and trafficking in cocaine, in violation of R.C.2925.03(A)(2). R.C. 2925.03(A)(2), trafficking in drugs, states:
"No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 15} R.C. 2925.11(A), possession of drugs, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.14(C)(1), drug paraphernalia offenses, states that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."[1] R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." "Possess" or "possession" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2925.01(K). R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).
 {¶ 16} However, a person may knowingly possess a substance or object through either actual or constructive possession. SeeState v. McShan (1991), 77 Ohio App.3d 781, 783. The courts have defined constructive possession as "knowingly exercise[ing] dominion and control over an object, even though that object may not be within his immediate physical possession[,]" or knowledge of the presence of the object. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus; State v. Wolery (1976),46 Ohio St.2d 316, 329. Circumstantial evidence is itself sufficient to establish dominion and control over the controlled substance. SeeState v. Jenks (1991), 61 Ohio St.3d 259, 272. Thus, "[c]ircumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession." State v. Gibson (May 6, 1998), 9th Dist. No. 18540, citing State v. Barr (1993),86 Ohio App.3d 227, 235. Ownership of the drugs need not be established for constructive possession. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 13, citing State v. Mann,
(1993) 93 Ohio App.3d 301, 308. Furthermore, possession may be individual or joint. Gibson, supra, citing Wolery,46 Ohio St.2d at 332.
 {¶ 17} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "`such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" State v.Daniels (June 3, 1998), 9th Dist. No. 18761, quoting Jenks
(1991), 61 Ohio St.3d at paragraph one of the syllabus. "`Circumstantial evidence and direct evidence inherently possess the same probative value[.]'" State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399, quoting Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "`[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" State v. Chisolm (July 8, 1992), 9th Dist. No. 15442, quoting Jenks, 61 Ohio St.3d at 272. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990),51 Ohio St.3d 160, 168, citing Hurt v. Charles J. Rogers Transp.Co. (1955), 164 Ohio St. 329, 331. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Lott, 51 Ohio St.3d at 168, citing Hurt, 164 Ohio St. at 331.
 {¶ 18} During its case-in-chief, the State presented the testimony of a number of detectives who had executed the search warrant on September 26, 2002. Detective David Haverstick testified that when he entered the residence after knocking and announcing his presence, the people inside scattered, and Mr. Hilton was "sitting in a chair with no shirt on right * * * in the archway[,] [b]etween the living and dining room[.]" He further testified that he saw items on the table in the dining room, one of which was a fanny pack. Detective Haverstick testified that he opened up the fanny pack and found drugs inside, which he stated had tested positive for crack cocaine in a field test. He also testified that the drugs found in the fanny pack were packaged in four separate plastic baggies. Additionally, Detective Haverstick testified that he found additional drug paraphernalia in other parts of the house, which included crack pipes, a choreboy, and a filter for a crack pipe.
 {¶ 19} Detective Donnie Williams also testified on behalf of the State. Detective Williams testified that he was also involved in the execution of the search warrant on that date. He testified that the Akron police department had received verified information that "crack cocaine had been sold from that address[,]" and that later surveillance of that residence connected Mr. Hilton to the residence. Detective Williams further testified that during the execution of the search warrant, he was assigned to search the upstairs level of the residence. He testified that he uncovered clothes in the master bedroom that "belonged to both persons [he] believed lived at that address[,]" who he identified as Mr. Hilton and Sabrina Robinson ("Robinson"). Detective Williams testified that several pairs of shoes belonging to Mr. Hilton were found in the bedroom, as well as "a couple [of] suits in the room, a hat or two, [and] pictures inside the room[.]" Detective Williams explained that he found pictures of Robinson as well as several pictures of Mr. Hilton in the bedroom.
 {¶ 20} Detective Williams also testified generally as to the way in which crack cocaine is weighed and packaged for sale. He testified that "[w]hen a person sells crack cocaine in quantities they usually have digital scales in their house to weigh it out so they don't cheat their customers or put themselves out of business by giving away too much." Additionally, Detective Williams testified that crack cocaine is generally packaged in sandwich bags.
 {¶ 21} Sergeant Jason Malick had also participated in the search. Sergeant Malick testified that he had searched Mr. Hilton and found approximately $3,000.00 in Mr. Hilton's pant pocket. Sergeant Malick described the money as "[a] wad of money, just stacked, mostly * * * twenties, tens, just a big wad and stuck in his pocket and folded." Sergeant Malick also testified that the money was not found in a wallet or money clip. Sergeant Malick proceeded to testify that an Ashiba digital scale, which is used to weigh crack cocaine or powder cocaine, was found in a kitchen cabinet in the house. He also testified that a triple beam scale was found inside the house. Additionally, Detective Malick testified that 55 dollars in cash were found on the floor in the upstairs hallway of the house.
 {¶ 22} Robinson, who resides at the house, also testified on behalf of the State. She testified that she has been selling drugs since the time that she quit the ninth grade, and that she had known Mr. Hilton for about two years. Robinson testified that on the day in question, Mr. Hilton came into the residence with a "little plastic bag" of crack cocaine, and that he placed it on the table. She further testified that later that day, the police came to the house, and that she understood that this occurred due to her selling drugs in the past. Robinson also testified that in the past, she has given Mr. Hilton money from selling drugs, but that on that particular day she had not given him any such money. Robinson did note during cross examination that the fanny pack which the police found on the dining room table, belonged to a person named "Linda."
 {¶ 23} Robert Velten, who is employed by the Ohio Bureau of Criminal Identification and Investigation and the Akron Police Department, testified on behalf of the State regarding his analysis of various items recovered from the residence. Mr. Velten testified that the drugs recovered from the fanny pack weighed in the aggregate approximately 13.81 grams. He also testified that a triple beam scale that was recovered contained residue of cocaine.
 {¶ 24} Upon a careful review of the record, and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found Mr. Hilton guilty of possession of crack cocaine, illegal use or possession of drug paraphernalia, and trafficking in crack cocaine. See Otten, 33 Ohio App.3d at 340. A reasonable juror could have found that, at the least, Mr. Hilton had dominion and control over and constructive possession of the fanny pack containing baggies of drugs, and that he had knowledge of the scales and other paraphernalia found inside the house. SeeHankerson, 70 Ohio St.2d at syllabus; Gibson, supra. The State had presented evidence that Mr. Hilton was in close proximity to the fanny pack and thus could have exercised dominion and control over it. See Gibson, supra. See, e.g.,State v. King (Sept. 18, 1996), 9th Dist. No. 95CA006173. The arguments that Mr. Hilton may have not owned or resided at the residence, and that the drugs and other items found may not have actually belonged to him, are ultimately inconsequential. SeeSmith at ¶ 13. See, e.g., State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, citing State v. Johnson (July 11, 1990), 9th Dist. No. 14371. Furthermore, we find that a reasonable juror could infer and conclude from the set of circumstances, that, Mr. Hilton was involved in trafficking in crack cocaine. Accordingly, we find that Mr. Hilton's convictions for possession of cocaine, illegal use or possession of drug paraphernalia, and trafficking in cocaine, were not against the manifest weight of the evidence.
 {¶ 25} Having found that Mr. Hilton's convictions for possession of cocaine and trafficking in cocaine were not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury verdicts with respect to these charges. See Roberts, supra. As noted above, we specifically do not reach the issue of whether Mr. Hilton's conviction for the illegal use or possession of drug paraphernalia was supported by sufficient evidence in the record, as Mr. Hilton has waived this argument for the purposes of appeal. See Swanner, supra.
 {¶ 26} Accordingly, Mr. Hilton's first and second assignments of error are overruled.
 III. {¶ 27} Mr. Hilton's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J. and Whitmore, J., concur.
[1] R.C. 2925.14(A) defines "drug paraphernalia" as the following:
"[A]ny equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter."