[Cite as *State v. Geul*, 2026-Ohio-1943.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CADEENIA LYNN GEUL

    Appellant

C.A. No.    31637

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2025-03-0821

DECISION AND JOURNAL ENTRY

Dated: May 27, 2026

SUTTON, Judge

{¶1}    Defendant-Appellant Cadeenia Geul appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    Following a traffic stop where drugs were found in her vehicle, Ms. Geul was indicted on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)/(C)(1)(c), a felony of the second degree, and one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A)/(C)(11)(a), a felony of the fifth degree.  Ms. Geul pleaded not guilty to the charges. The State dismissed the count for possession of a fentanyl-related compound and proceeded to a bench trial on the count for aggravated possession of drugs.  After hearing the evidence presented by both parties, the trial court found Ms. Geul guilty of aggravated possession

of drugs. The trial court sentenced Ms. Geul to a minimum prison term of 2 years to a maximum prison term of 3 years under Reagan Tokes and waived the fine and any court costs.

{¶3} Ms. Geul appeals, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**[MS.] GEUL'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.**

{¶4} In her sole assignment of error, Ms. Geul argues her conviction for aggravated possession of methamphetamine is not supported by sufficient evidence. Specifically, Ms. Geul argues the State did not present sufficient evidence that she knowingly possessed the drugs in the vehicle.

{¶5} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence."[1] *State v. Graham*, 2025-Ohio-3134, ¶ 12 (9th Dist.), quoting *State v. Tenace*, 2006-Ohio-2417, ¶ 37. Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *See State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

---

[1] Ms. Geul made a Crim.R. 29(A) motion at the close of the State's evidence and renewed it at the close of her own case.

**{¶6}** R.C. 2925.11(A) states, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Further, "[i]f the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term." R.C. 2925.11(C)(1)(c).

**{¶7}** A person acts "knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B).

**{¶8}** This Court has repeatedly held that "a person may knowingly possess a substance or object through either actual or constructive possession." *State v. See*, 2009-Ohio-2787, ¶ 10 (9th Dist.), quoting *State v. Hilton*, 2004-Ohio-1418, ¶ 16 (9th Dist.). "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Reis*, 2012-Ohio-2482, ¶ 7 (9th Dist.), quoting *State v. Kendall*, 2012-Ohio-1172, ¶ 14 (9th Dist.), quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. We have also recognized that "the crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it." (Alteration sic.) *State v. Graves*, 2011-Ohio-5997, ¶ 15 (9th Dist.), quoting *State v. Ruby*, 2002-Ohio-5381, ¶ 30 (2d Dist.). "Inherent in the notions of dominion and control is some authority over the object, not merely the ability to have

access to it." *State v. Carlton*, 2013-Ohio-2788, ¶ 11 (9th Dist.), citing R.C. 2925.01(K). "[C]onstructive possession [of drugs] may be inferred from the drugs' presence in a usable form and in close proximity to the defendant." *State v. Figueroa*, 2005-Ohio-1132, ¶ 8 (9th Dist.), citing *State v. Thomas*, 2003-Ohio-1479, ¶ 11 (9th Dist.). In addition, "[c]ircumstantial evidence is itself sufficient to establish dominion and control over the controlled substance." *Hilton* at ¶ 16.

{¶9} Here, the State presented the following evidence at trial: (1) Officer Corey Siegferth testified he observed a single female driving a gray Mazda 3 that had an expired registration; (2) Officer Siegferth pulled behind the vehicle and observed erratic driving; (3) Officer Siegferth conducted a traffic stop and Ms. Geul exited the vehicle; (4) after removing her dog from the vehicle, Ms. Geul immediately disclosed to Officer Siegferth that everything in the front seat belonged to her, and everything in the back seat belonged to a person named Sherry; (5) Ms. Geul also disclosed she had just purchased the vehicle for $300 from her neighbor Joel who lives with Sherry, and Sherry was supposed to remove her belongings from the vehicle the night before; (6) Ms. Geul asked Officer Siegferth if Sherry had "anything in her stuff, I won't get in trouble for her stuff will I[?];" (7) Officer Siegferth then asked Ms. Guel "do you think something's in there," to which Ms. Guel responded "probably she's a crack head[;]" (8) while searching the vehicle with Ms. Geul's consent, Officer Siegferth discovered a glass marijuana bowl on the front seat of the vehicle; (9) Officer Siegferth continued searching and found 62 grams of methamphetamine in the backseat of the vehicle, inside a black purse, along with a scale and other drugs; (10) Officer Katee Beck indicated at the time Ms. Geul made comments about Sherry's belongings in the back seat, Ms. Geul was talking about things that had not yet been located in the vehicle and said they were not her things, showing Ms. Geul was "overly nervous[;]" (11) Ms. Geul admitted to Officer Siegferth, "I have knowledge that there could have been stuff in there, yes[;]" (12) Ms. Guel also

told Officer Beck that Sherry, "runs drugs for a big-time dope dealer;" and (13) Officer Beck testified people behave like Ms. Geul behaved when they know certain items are in the vehicle and "[t]hey think that we might not find them or try to direct us in a different way."

{¶10}  In viewing this evidence in a light most favorable to the State, a rational trier of fact could reasonably conclude Ms. Geul, as the sole driver of the vehicle, knowingly possessed the methamphetamine in the vehicle. The evidence presented at trial was sufficient to support Ms. Geul's conviction for aggravated possession of drugs.

{¶11}  Accordingly, Ms. Geul's assignment of error is overruled.

III.

{¶12}  For the foregoing reasons, Ms. Geul's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURRING.

{¶13} I concur in the judgment because it solely addresses the sufficiency of the evidence.

Geul did not raise a challenge to the weight of the evidence.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and AMANDA R. FILIPPI, Assistant Prosecuting Attorney, for Appellee.