[Cite as *State v. Delaney*, 2018-Ohio-727.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28663 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZAKIYA DELANEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2016-03-0737-A |

DECISION AND JOURNAL ENTRY

Dated: February 28, 2018

HENSAL, Presiding Judge.

{¶1}  Zakiya Delaney appeals her convictions from the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}  While conducting surveillance on a house for possible drug activity, the police observed Ms. Delaney and her brother, Andrew, leave the house in a rental vehicle.  The police performed a traffic stop on the vehicle and arrested both Ms. Delaney and Andrew.  Officers transported the siblings back to the house, which was owned by their mother, and executed a search warrant.  According to a detective, their mother was cooperative and directed the police to the southeast bedroom.

{¶3}  Upon searching the bedroom, the police discovered methamphetamine, heroin, marijuana, digital scales, thousands of dollars in cash, and a loaded gun.  The police found the loaded gun, as well as two digital scales, inside of a purse, and discovered heroin and marijuana

– as well Ms. Delaney's credit card, insurance card, and social security card – inside the pocket of a pair of jeans. A detective testified that a large portion of the drugs were in plain sight on top of a dresser, and that the police discovered Ms. Delaney's driver's license in a cup on top of that same dresser. The detective testified that the scene was indicative of drug trafficking, as opposed to use, given the amount of drugs present, which he described as "a dealer's amount of dope[,]" the number of small baggies containing pre-measured drugs, the large amount of cash present ($8,322), and the presence of digital scales. The detective further testified that the police discovered no evidence indicating use, such as burnt spoons, needles, or straws.

{¶4} Another detective testified that Ms. Delaney admitted that it was her bedroom, and that the jeans – as well as the marijuana inside the pocket – were hers. She, however, denied ownership of the heroin. That detective also testified that Andrew admitted that the drugs were his. Andrew later recanted, testifying that he only admitted that the drugs were his because he did not want his mother and sister to go to jail. Andrew further testified that he did not know whose drugs they were, or whose gun it was, and surmised that it could have belonged to one of Ms. Delaney's friends. Ms. Delaney exercised her right to not testify.

{¶5} The jury ultimately found Ms. Delaney guilty of aggravated trafficking in drugs (methamphetamine), aggravated possession of drugs (methamphetamine), trafficking in heroin, and possession of heroin. The trial court merged the respective possession convictions with the trafficking convictions, and the State elected to proceed with sentencing on the trafficking convictions. The trial court imposed two-year sentences on each trafficking count and ordered the sentences to run concurrently. Ms. Delaney now appeals, raising four assignments of error for our review. For ease of consideration, we will address Ms. Delaney's second assignment of error first.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT OVERRULED A TIMELY DEFENSE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AS THERE WAS NOT SUFFICIENT EVIDENCE PRESENTED BY THE STATE OF OHIO TO ESTABLISH A PRIMA FACIE CASE OF THE CRIMES CHARGED TO WARRANT THE CASE BEING SUBMITTED TO THE JURY.

{¶6} In her second assignment of error, Ms. Delaney asserts that her convictions were not supported by sufficient evidence. We disagree.

{¶7} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. [**5] The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶8} Regarding Ms. Delaney's possession convictions, Section 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." "This Court has repeatedly held that a person may knowingly possess a substance or object through either actual or constructive possession." (Internal quotations and citations omitted.) *State v. Ibrahim*, 9th Dist. Medina No. 12CA0048-M, 2013-Ohio-983, ¶ 8. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." (Internal quotations and citations omitted.) *Id.*; *State v. Tucker*, 9th Dist. Lorain No.

13CA010339, 2016-Ohio-1353, ¶ 21. "This Court continues to recognize that the crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it." (Internal quotations and citations omitted.) *Ibrahim* at ¶ 8. Notably, "[c]ircumstantial evidence is itself sufficient to establish dominion and control over the controlled substance." *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16.

{¶9} Here, the State presented evidence tying Ms. Delaney to the bedroom where the police found the heroin and methamphetamine, as well as evidence indicating that the drugs were found in and around her personal belongings (e.g., in her jeans and on top of a dresser next to her driver's license). Thus, there was circumstantial evidence indicating that Ms. Delaney knowingly exercised dominion and control over the heroin and methamphetamine. *State v. Rowe*, 9th Dist. Summit No. 27870, 2016-Ohio-5395, ¶ 21 ("There was evidence that [the defendant] lived at the residence, and there was also evidence tying [the defendant] to the bedroom where the heroin * * * w[as] found. * * * Thus, there was circumstantial evidence that [the defendant] knowingly exercised dominion and control over the heroin * * *."). Viewing the evidence presented in a light most favorable to the State, we conclude that sufficient circumstantial evidence existed to support Ms. Delaney's possession convictions.

{¶10} Regarding Ms. Delaney's trafficking convictions, Section 2925.03(A) provides that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance or a controlled substance analog * * * [or] [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."

{¶11} "Circumstantial evidence has long been used to successfully support drug trafficking convictions." *State v. Washington*, 6th Dist. Ottawa No. OT-12-032, 2014-Ohio-1008, ¶ 36. To that end, "[t]his Court has held that the convergence of illegal drugs, drug paraphernalia (including baggies), and large sums of cash permit a reasonable inference that a person was preparing drugs for shipment." *State v. Fry*, 9th Dist. Summit No. 23211, 2007-Ohio-3240, ¶ 50; *State v. Rutledge*, 6th Dist. Lucas No. L-12-1043, 2013-Ohio-1482, ¶ 15 (collecting cases and stating that "numerous courts have determined that items such as plastic baggies, digital scales, and large sums of money are often used in drug trafficking and may constitute circumstantial evidence * * *.").

{¶12} Here, as previously noted, a detective testified that the scene was indicative of drug trafficking given the amount of drugs present, which he described as "a dealer's amount of dope[,]" the number of small baggies containing pre-measured drugs, the large amount of cash present ($8,322), and the presence of digital scales, which were found in Ms. Delaney's purse. Viewing the evidence presented in a light most favorable to the State, we conclude that sufficient circumstantial evidence existed to support Ms. Delaney's trafficking convictions. Ms. Delaney's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE OF OHIO FAILED TO PROVE EACH AND EVERY ELEMENT OF THE CRIMES CHARGED.

{¶13} In her first assignment of error, Ms. Delaney argues that her convictions were against the manifest weight of the evidence. If a defendant asserts that his or her convictions are against the manifest weight of the evidence:

an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine

whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶14} Ms. Delaney argues that her convictions were against the manifest weight of the evidence for a variety of reasons. She argues that Andrew was the subject of the police surveillance and that the police were not aware of her – nor had they seen her at the house – prior to the day in question, that she had no drugs on her when the police performed the traffic stop, that there was no evidence indicating how long she had been inside the house, that Andrew was the one using the bedroom where the police found the drugs, and that there was no evidence indicating that she knew, or should have known, that drugs were in the bedroom.

{¶15} Ms. Delaney's argument, however, ignores much of the evidence presented at trial. For example, her argument ignores the fact that detectives testified that she told them the bedroom – and the pair of jeans found therein containing heroin and marijuana – were hers, that her social security card, credit card, and insurance card were also in the pocket of the jeans, that her driver's license was in a cup on top of the dresser where the police found drugs, and that the police found the loaded gun and two digital scales inside of a purse, which Andrew indicated belonged to her. Having reviewed the entire record, we cannot say that the jury clearly lost its way such that Ms. Delaney's convictions must be reversed. Ms. Delaney's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERR[]ED BY PROHIBITING DEFENSE COUNSEL FROM CONDUCTING RECROSS OF A STATE WITNESS WHEN NEW MATERIAL WAS BROUGH[T] UP BY THE PROSECUTOR ON REDIRECT.

{¶16}  In her third assignment of error, Ms. Delaney argues that the trial court abused its discretion when it prohibited defense counsel from conducting a recross-examination of a witness when the prosecutor brought up new material on redirect.  She argues that the prosecutor brought up the issue of DNA evidence, as well as text message extraction, on redirect with one of the detectives, and that neither of these issues was discussed during that detective's initial direct examination.

{¶17}  As the Ohio Supreme Court has stated, "the opportunity to recross-examine a witness is within the discretion of the trial court."  *State v. Faulkner*, 56 Ohio St.2d 42, 46 (1978).  An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "Only where the prosecution inquires into new areas during redirect examination must the trial court allow defense the opportunity to recross-examine."  *Faulkner* at 46.

{¶18}  Here, Ms. Delaney's own trial counsel was the first attorney to raise the issue of DNA evidence with the detective.  It was only after her counsel, as well as Andrew's counsel, raised the issue on cross-examination that the prosecutor questioned the detective about DNA evidence on redirect.  Thus, we are unpersuaded by her assertion that she did not have an opportunity to cross-examine the detective on the subject of DNA evidence.

{¶19}  Regarding text message extraction, it is unclear how any information relating to text messages was relevant to this case.  Our review of the record indicates that the prosecutor raised the issue on redirect during a hypothetical for the purpose of indicating that, just because it may be possible to obtain certain information during an investigation, it is not always prudent or necessary to do so.  Even assuming without deciding that the trial court did err by failing to allow Ms. Delaney's counsel to recross-examine the detective relative to the prosecutor's

hypothetical, we fail to see – and she has not established – how this affected the outcome of the trial. Thus, any error in this regard was harmless. Crim.R. 52 ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.).

{¶20} Ms. Delaney's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERR[]ED BY FAILING TO ALLOW DEFENSE COUNSEL TO CROSS THE CODEFENDANT ON INFORMATION PREVIOUSLY EXCLUDED BY A MOTION IN LIMINE WHEN CODEFENDANT OPENED THE DOOR TO SUCH INFORMATION ON DIRECT.

{¶21} In her fourth assignment of error, Ms. Delaney argues that the trial court erred by denying her trial counsel's request to cross-examine Andrew on information that was previously excluded by a motion in limine, but which Andrew "opened the door" on. As the State points out, at trial, Ms. Delaney requested to cross-examine one of the detectives, not Andrew, and proffered testimony from the detective, not Andrew. Because Ms. Delaney's objection at trial, as well as the proffered testimony, related to a detective, not Andrew, she has not preserved that issue as it relates to Andrew on appeal. Accordingly, Ms. Delaney's fourth assignment of error is overruled.

## III.

{¶22} Ms. Delaney's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.