**[Cite as *State v. Batdorf*, 2020-Ohio-4396.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-675 |
| | : | |
| JEANNIE L. BATDORF | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, Greene County Courts Building, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

MICHAEL S. PENTECOST, Atty. Reg. No. 0036803, Public Defender's Office, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jeannie L. Batdorf appeals from her conviction for one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), both felonies of the second degree. Batdorf filed a timely notice of appeal on January 17, 2020.

{¶ 2} The incident which formed the basis for the charges occurred on July 23, 2017, when Fairborn Police Officers Ethan Boggs and Ross Ferree responded to a dispatch regarding a drug complaint at a Shell gas station on East Dayton Drive in Fairborn, Ohio. Upon arriving at the gas station, Officer Boggs observed a blue Mitsubishi Eclipse parked at the side of the building, with three individuals seated inside the vehicle. Officer Boggs testified that he approached the driver of the vehicle, and Officer Ferree approached the passenger side and made contact with the individual sitting in the front passenger seat. This individual initially identified herself as "Judith McCoy," but was later discovered to be Batdorf. Officer Boggs testified that the driver of the vehicle, Derek Ferdon, was removed from the vehicle and arrested. The officers then removed Batdorf and the other occupant of the vehicle and conducted an inventory search of the vehicle.

{¶ 3} Officer Boggs testified that, during the inventory search, the officers found a red Adidas backpack in the backseat, which contained Ferdon's wallet and drug paraphernalia inside a Batman sock. On the front passenger floorboard, near where Batdorf had been seated, the police discovered a black "Batman bag." Tr. 125. Inside the bag, the officers discovered a digital scale, multiple small baggies, and two large bags containing what was later found to be approximately 19.4 grams of methamphetamine. At trial, the parties stipulated that the bulk amount of methamphetamine is three grams.

{¶ 4} Fairborn Police Detective Brian Neiford, a member of the A.C.E. drug task force, testified that, in his experience, suspects found to be in possession of digital scales and large amounts of methamphetamine, particularly when contained in multiple small baggies, were likely to be engaged in drug trafficking. Detective Neiford testified that, based upon the large amount of methamphetamine discovered and the manner in which it had been packaged, he requested that Batdorf be charged with aggravated trafficking in drugs.

{¶ 5} On August 31, 2018, Batdorf was indicted for one count of aggravated trafficking in drugs and one count of aggravated possession of drugs in Greene C.P. No. 2018-CR-675 (the case on appeal herein). The indictment also contained a forfeiture specification for the drugs that had been seized in this case. At her arraignment on March 1, 2019, Batdorf remained mute, and the trial court entered a plea of not guilty on her behalf. Later that year, Batdorf was charged with drug offenses in two other cases, Greene C.P. No. 2019-CR-525 and Greene C.P. No. 2019-CR-526.

{¶ 6} In early November 2019, at a pretrial conference related to all three cases, the parties apparently agreed that the cases would be tried together. However, on November 14, 2019, Batdorf filed a motion to sever this case, Case No. 2018-CR-675, from Case Nos. 2019-CR-525 and 2019-CR-526. The trial court granted this motion.[1] A jury trial was held on November 18, 2019, and Batdorf was found guilty of aggravated trafficking in drugs and aggravated possession of drugs. The trial court merged these offenses and sentenced Batdorf to eight years in prison for aggravated trafficking in

---

[1] We note that Batdorf has also appealed from her convictions in Case Nos. 2019-CR-525 and 2019-CR-526 (Greene App. Nos. 2020-CA-1 and 2020-CA-2, respectively). This appeal has not been consolidated with Case Nos. 2020-CA-001 and 2020-CA-2.

drugs.[2]   The trial court also ordered forfeiture of the drugs.

{¶ 7} It is from this judgment that Batdorf now appeals.

{¶ 8} Because they are interrelated, Batdorf's two assignments of error will be discussed together:

> THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO SUSTAIN A CONVICTION FOR AGGRAVATED TRAFFICKING IN DRUGS.

> APPELLANT'S CONVICTION FOR AGGRAVATED TRAFFICKING IN DRUGS [WAS] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " (Citations omitted). *State v. Crowley*, 2d Dist. Clark No. 2007-CA-99, 2008-Ohio-4636, ¶ 12.

{¶ 10} "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 69.   "A claim that a jury verdict is against the manifest weight of the evidence involves a different test.   'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and

---

[2] In Greene C.P. Nos. 2019-CR-525 and 2019-CR-526, in which Batdorf entered plea agreements, the parties agreed to an eight-year mandatory sentence, which would apply to all three cases. The trial court ordered the sentences imposed in all three cases to be served concurrently, for an aggregate sentence of eight years in prison.

determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " (Citations omitted.) *Id.* at ¶ 71.

{¶ 11} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 12} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 13} R.C. 2925.03(A)(2), the drug trafficking statute, provides, in relevant part:

(A) No person shall knowingly do any of the following:

* * *

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when

the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶ 14} Batdorf argues that the State failed to adduce any evidence in this case that she "knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a controlled substance, or that she knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by her or another person." Appellant's Brief, p. 4. A person acts knowingly, regardless of her purpose, when she is aware that her conduct will probably cause a certain result or will probably be of a certain nature; a person has knowledge of circumstances when she is aware that such circumstances probably exist. R.C. 2901.22(B).

{¶ 15} As this Court has previously noted, control "can be actual or constructive. *State v. Smoot*, 2015-Ohio-2717, 38 N.E.3d 1094, ¶ 76 (2d Dist.). A person has actual control over a thing that he or she can at the moment control and has constructive control over a thing that he or she cannot immediately control but has the ability to control. *Id.* "The person has actual possession over the former thing and constructive possession over the latter thing." *State v. Curry*, 2d Dist. Montgomery No. 25384, 2013-Ohio-5454, ¶ 17. "The possession of drugs can be actual or constructive. * * *." *Id.* As this Court further noted in *Curry*:

> To constructively possess drugs, a person must be able to exercise " 'dominion and control' " over them, " 'even if [they] [were] not within his immediate physical possession.' " [*State v. Dillard*, 173 Ohio App.3d 373, 2007-Ohio-5651, 878 N.E.2d 694, ¶ 53 (2d Dist.)], quoting *State v. Mabry*,

2d Dist. Montgomery No. 21569, 2007-Ohio-1895, ¶ 18. Constructive possession may be inferred from "the surrounding facts and circumstances, including the defendant's actions." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, 922 N.E.2d 248, ¶ 28 (10th Dist.). * * *

*Id.* at ¶ 18.

{¶ 16} " 'Circumstantial evidence has long been used to successfully support drug trafficking convictions.' " *State v. Delaney*, 2018-Ohio-727, 106 N.E.3d 920, ¶ 11 (9th Dist.). "[T]he convergence of illegal drugs, drug paraphernalia (including baggies), and large sums of cash permit a reasonable inference that a person was preparing drugs for shipment. " *Id.*; *see also State v. Rutledge*, 6th Dist. Lucas No. L-12-1043, 2013-Ohio-1482, ¶ 15 (citing several cases and stating that "numerous courts have determined that items such as plastic baggies, digital scales, and large sums of money are often used in drug trafficking and may constitute circumstantial evidence * * *."). Significantly, "[c]ircumstantial evidence and direct evidence inherently possess the same probative value * * *." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus.

{¶ 17} In support of her argument that she did not knowingly possess the methamphetamine and intend to sell it, Batdorf relies upon the Eighth District Court of Appeals' decision in *State v. Arrington*, 64 Ohio App.3d 654, 582 N.E.2d 649 (8th Dist. 1990). Citing *Arrington*, Batdorf argues that a conviction based solely on circumstantial evidence must be reversed if it does not preclude all reasonable theories of innocence. However, in *Jenks*, the Supreme Court of Ohio expressly overruled *Arrington* and held that "there is no need for [circumstantial evidence] to be irreconcilable with any

reasonable theory of innocence in order to support a conviction." Thus, Batdorf's reliance on *Arrington* is misplaced.

{¶ 18} Viewing the evidence in this case in the light most favorable to the prosecution, Batdorf's conviction for aggravated trafficking in drugs was supported by sufficient evidence.[3] As previously stated, on the front passenger floorboard near where Batdorf had been seated, the police discovered a black "Batman bag" containing a digital scale, multiple small baggies, and two large bags containing what was later found to be approximately 19.4 grams of methamphetamine. The parties stipulated that the bulk amount of methamphetamine is three grams.

{¶ 19} Simply put, the methamphetamine and the assorted drug-related items were found in a bag in close proximity to Batdorf before she was removed from the vehicle, thereby constituting evidence that she was in possession of the methamphetamine. Additionally, the manner in which the significant amount of drugs had been separated and packaged supported the inference that Batdorf intended to sell the contraband. Therefore, the evidence adduced by the State was sufficient to support Batdorf's convictions for aggravated trafficking in drugs.

{¶ 20} Furthermore, having reviewed the record, we find no merit in Batdorf's manifest weight challenge. It is well-settled that evaluating witness credibility is primarily for the trier of fact. *State v. Brown*, 2d Dist. Montgomery No. 27571, 2018-Ohio-3294; *see also State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. A trier of fact does not lose its way and create a manifest miscarriage of justice if its resolution of

---

[3] Due to the trial court's merger of the offenses, Batdorf was not convicted of aggravated possession of drugs, so we confine our discussion to the trafficking offense.

conflicting testimony is reasonable. *Id.* Here, the jury reasonably credited the State's evidence, which established that Batdorf was guilty of the offense of which she was convicted. Accordingly, the jury did not lose its way and create a manifest miscarriage of justice in reaching a guilty verdict for aggravated trafficking in drugs.

{¶ 21} Batdorf's first and second assignments of error are overruled.

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Marcy A. Vonderwell
Michael S. Pentecost
Hon. Stephen Wolaver