[Cite as *State v. Williams*, 2024-Ohio-2295.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 2023CA0048-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRELL WILLIAMS | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. CRB2200263 |

DECISION AND JOURNAL ENTRY

Dated: June 17, 2024

SUTTON, Judge.

**{¶1}** Defendant-Appellant Darrell Williams appeals the judgment of the Wadsworth Municipal Court. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** This appeal arises from a traffic stop on June 11, 2022, at approximately 1:00 a.m., in Lodi, Ohio. Officer Shane Sams stopped a vehicle driven by Mr. Williams due to a broken license plate light. During the traffic stop, Officer James Palecek, with his K-9 partner Louie, and Sergeant Ashlee Miller arrived at the scene and assisted Officer Sams. While Officer Sams checked Mr. Williams' drivers' license, Officer Palecek deployed his K-9 Louie to inspect the outside of Mr. Williams' vehicle. Louie, who is trained to detect the odor of cocaine, methamphetamine, and heroin, alerted at the driver's side door. Upon inspection of the vehicle,

two straws containing residue, suspected to be methamphetamine, were located in the pocket of the driver's side door.

{¶3} Mr. Williams was charged with possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), and he pleaded not guilty to the charge. After a bench trial, the court found Mr. Williams guilty of possession of drug paraphernalia. Mr. Williams was sentenced to 30 days in jail, suspended, two years' probation, and a one-hundred and fifty dollar fine and court costs.

{¶4} Mr. Williams now appeals raising three assignments of error for our review. We discuss Mr. Williams' assignments of error out of order to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR II**

**[MR. WILLIAMS'] CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.**

{¶5} In his second assignment of error, Mr. Williams argues that there was insufficient evidence to convict him of possession of drug paraphernalia. For the following reasons, we disagree.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} R.C. 2925.14(C)(1) states, in pertinent part, "no person shall knowingly use, or possess with purpose to use, drug paraphernalia." "Knowingly" is defined in R.C. 2901.22(B) as:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

The term "possess" is statutorily defined as "having control over a thing or substance." R.C. 2925.01(K). Possession may "not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which thing or substance is found." *Id.* This Court has held that "a person may knowingly possess a substance or object through either actual or constructive possession." *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16. A person may constructively possess a substance or object if he "'knowingly exercis[es] dominion and control over an object, even though that object may not be within his immediate physical possession [,]' or [if he has] knowledge of the presence of the object." (Alterations added.) *Id.*, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus.

{¶8} Here, the State presented evidence that Mr. Williams was driving a vehicle registered to B.M., at approximately 1:00 a.m., with a broken license plate light. Officer Sams testified he identified himself as a police officer and explained the reason for the stop. Mr. Williams "immediately, [and] unprovoked" stated, "[t]he vehicle is not mine[.]" K-9 Louie, who was trained to detect the odor of cocaine, methamphetamine, and heroin, was deployed to inspect the outside of the vehicle while Officer Sams confirmed Mr. Williams' driving status. K-9 Louie

alerted at the driver's side door. In performing a search of the vehicle, Sergeant Miller located two straws in the driver's side door pocket. Officer Sams testified he could see a white substance on the inside of the straw, consistent with methamphetamine. Officer Sams noticed either end of the straw was "creased or bent, which is consistent with someone putting pressure on them to create a seal around the nostril to ingest methamphetamine." Further, Officer Sams testified, based upon the appearance of the straw, he believed it was used "at least once or twice to ingest methamphetamine." Officer Sams also indicated Mr. Williams was in possession of the vehicle at the time of the stop.

{¶9} Sergeant Miller testified the straws were cut and not full-sized. Sergeant Miller explained this sized straw is used to ingest drugs. Further, Sergeant Miller confirmed Mr. Williams was driving the vehicle and the straws were found in the driver's side door. Sergeant Miller agreed Mr. Williams could have readily reached the straws with either hand.

{¶10} On cross-examination, Officer Sams admitted he knew the owner of the vehicle, B.M., and she was residing with Mr. Williams at that time. Moreover, Officer Sams testified he had previous cases involving B.M., but those cases did not involve drugs. When asked whether Mr. Williams told him he was driving B.M.'s vehicle because he had done work on the vehicle, Officer Sams testified this vehicle was "parked at [Mr. Williams'] residence on a regular * * * basis," so he assumed Mr. Williams was driving it because the vehicle was parked behind Mr. Williams' vehicle.

{¶11} In viewing this evidence in a light most favorable to the State, the trial court could reasonably conclude that Mr. Williams knowingly possessed drug paraphernalia.

{¶12} Accordingly, Mr. Williams' second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**[MR. WILLIAMS] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION.**

{¶13} In his first assignment of error, Mr. Williams argues his trial counsel was ineffective for failing to raise a Crim.R. 29 motion. We are not persuaded by Mr. Williams' argument.

{¶14} To succeed on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficiency exists only if counsel's performance fell below an objective standard of reasonable representation. *See State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. The defendant bears the burden to overcome the strong presumption that counsel's performance was adequate or that counsel's actions were sound trial strategy. *State v. Edwards*, 9th Dist. Summit No. 24546, 2009-Ohio-3558, ¶ 6. To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of syllabus.

{¶15} Here, because the evidence in the State's case-in-chief was sufficient to convict Mr. Williams of possession of drug paraphernalia, Mr. Williams has not demonstrated prejudice. *See State v. Chapman*, 9th Dist. Summit No. 28626, 2018-Ohio-1142, ¶ 18.

{¶16} Accordingly, Mr. Williams' first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**[MR. WILLIAMS'] CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶17} In his third assignment of error, Mr. Williams argues his conviction is against the manifest weight of the evidence. In so doing, however, Mr. Williams only argues the trial court's "finding" that the white substance on the straws was methamphetamine was not "proven beyond a reasonable doubt."

{¶18} This Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶19} An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

{¶20} Here, although Mr. Williams classified this as a manifest weight argument, Mr. Williams has not developed a manifest weight argument and this Court will not develop one on his behalf. *See State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16 ("Where an

appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."). *See also* App.R. 16(A)(7).

{¶21} Accordingly, Mr. Williams' third assignment of error is overruled.

III.

{¶22} For the foregoing reasons, Mr. Williams' assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

JARED C. ROBERTS, Assistant Law Director, for Appellee.