[Cite as *State v. Cruz*, 2024-Ohio-5672.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| --- | --- | --- | --- |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 30930 |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICKY CRUZ | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2021-03-0836 |

## DECISION AND JOURNAL ENTRY

Dated: December 4, 2024

SUTTON, Judge

{¶1} Defendant-Appellant Nicky Cruz appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} Following a search of Mr. Cruz's residence pursuant to a search warrant, Mr. Cruz was indicted on three counts related to possession and trafficking of methamphetamine. Count 1 charged Mr. Cruz with drug trafficking in violation of R.C. 2925.03(A)(2), a felony of the first degree, together with three specifications: (1) major drug offender specification in violation of R.C. 2941.1410(A); (2) specification for forfeiture of drug money in violation of R.C. 2941.1417(A) in the amount of $17,042.00; and (3) specification for forfeiture of drug money in a drug case in violation of R.C. 2941.1417(A) in the amount of $1,261.00. Count 2 charged Mr. Cruz with aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the first

degree, together with a major drug offender specification in violation of R.C. 2941.1410(A). Count 3 charged Mr. Cruz with having a weapon under disability in violation of R.C. 2923.13(A)(3) and 2923.13(B), a felony of the third degree.

**{¶3}** In August 2023, the matter proceeded to a jury trial. At the request of the State, the trial court included an instruction to the jury on complicity pursuant to R.C. 2923.03. Mr. Cruz objected to the complicity instruction. Mr. Cruz was found guilty on all three counts together with the specifications. At sentencing, the trial court merged Counts 1 and 2 for purposes of sentencing and sentenced Mr. Cruz to a definite term of incarceration of 11 years on Count 1 and sentenced Mr. Cruz to a definite term of incarceration of 18 months on Count 3. The trial court ordered the sentence of 11 years on Count 1 to be served consecutive to the 18-month sentence on Count 3, for an aggregate sentence of 12 ½ years. The trial court also ordered Mr. Cruz to pay a fine of $15,000.00.

**{¶4}** Mr. Cruz appeals, raising four assignments of error for our review. To facilitate our analysis, we will address the assignments of error out of order.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN FAILING TO GRANT MR. CRUZ'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON ALL OF THE CHARGES AS THE EVIDENCE PRESENTED WAS NOT LEGALLY SUFFICIENT TO SUPPORT [THE] CONVICTION[S,] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS 1, 10 AND 16 OF THE OHIO CONSTITUTION.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. CRUZ[,] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

**Sufficiency**

{¶5}   In his second and third assignments of error, Mr. Cruz argues the evidence presented by the State was not sufficient to support his convictions and therefore the trial court erred in not granting his Crim.R. 29 motion for acquittal. Specifically, Mr. Cruz argues there was insufficient evidence connecting him to the drugs, trafficking paraphernalia, money, and gun and insufficient evidence that he was engaged in drug trafficking.  Mr. Cruz also argues there were at least five other individuals inside the residence when the search warrant was executed, implying it could be someone else in the home who possessed and trafficked the drugs.  As these assignments of error challenge the sufficiency of the State's evidence, they will be addressed together.

{¶6}   Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).   In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶7}   R.C. 2925.03(A) (drug trafficking) provides:

No person shall knowingly do any of the following:

. . .

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

R.C. 2925.01(A) and R.C. 3719.01(C) define "controlled substance" as "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." Methamphetamine is a schedule II controlled substance.

**{¶8}** A person acts "knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B).

**{¶9}** When the amount of the controlled substance equals or exceeds one hundred times the bulk amount, pursuant to R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(f), the offense is a felony of the first degree. Pursuant to R.C. 2925.01(D)(1)(g), "bulk amount" of methamphetamine is "[a]n amount equal to or exceeding three grams of a compound, mixture, preparation, or substance that is or contains any amount of [methamphetamine]" or "any of its salts or isomers, that is not in a final dosage form manufactured by a person authorized by the Federal Food, Drug, and Cosmetic Act and the federal drug abuse control laws."

**{¶10}** R.C. 2941.1410(A) (major drug offender specifications attached to Counts 1 and 2 of the indictment) requires the State to prove Mr. Cruz possessed at least 100 times the bulk amount

of methamphetamine, or 300 grams. R.C. 2941.1417(A) (forfeiture specifications attached to Count 1 of the indictment) requires the State to prove Mr. Cruz owned or possessed the sums of $17,042.00 and $1,261.00, and these sums were derived from or through the commission of the drug offense, and/or was an instrumentality Mr. Cruz used or intended to use in the commission of or facilitation of the drug offense.

{¶11} R.C. 2925.11(A) and R.C. 2925.11(C)(1)(e) (aggravated possession of drugs) provide in relevant part: "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog[,]" and "[i]f the amount of the drug involved equals or exceeds one hundred times the bulk amount, aggravated possession of drugs is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term a maximum first degree felony mandatory prison term."

{¶12} R.C. 2923.13(A)(3) (possession of a firearm under disability) provides in relevant part:

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> . . .
>
> The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse

The "disability" alleged in the indictment was Mr. Cruz had been previously convicted of possession of heroin, a third-degree felony.

{¶13} The complicity instruction given by the trial court required the State to prove Mr. Cruz aided or abetted another in committing the drug possession and trafficking offenses or

conspired with another to commit the offenses. R.C. 2923.03(A)(2) and (3). As such, the State was required to prove: (1) Mr. Cruz knowingly possessed and sold or prepared to sell at least 300 grams of methamphetamine; (2) Mr. Cruz knowingly possessed a firearm and he had been previously convicted of a drug-related felony; and (3) the sums of money to be forfeited were owned or possessed by Mr. Cruz and related to the drug offenses. Also, pursuant to the complicity instruction, the State may prove Mr. Cruz was the principal offender or he aided and abetted or conspired with another person to commit the drug offenses.

{¶14} Here, the State presented the following evidence at trial: (1) during a search of Mr. Cruz's residence at 675 West Park Avenue in Barberton, Ohio, suspected narcotics, some of which appeared to be bagged up for distribution, were found in plain view on the kitchen table in an upstairs residence of the home as well as baggies, a scale, pipes and other suspected drug trafficking paraphernalia; (2) Mr. Cruz was outside of the residence "working on a car or something" when police arrived to execute the search warrant; (3) the home consisted of two residences, one on the main floor and one upstairs; each residence had a living area and a kitchen and had separate entrances; Mr. Cruz's mother resided in the main floor unit and Mr. Cruz and his girlfriend resided in the upstairs unit; (4) a loaded operable revolver was found on a windowsill in the upstairs unit next to suspected drugs and paraphernalia; (5) the suspected narcotics were turned over to Ohio's Bureau of Criminal Investigation and Identification ("BCI") for testing, who determined the total amount of drugs seized from the residence consisted of 345.72 grams of a substance containing methamphetamine; (6) $17,042.00 cash in multiple denominations was found in a drawer in a nightstand in the upstairs unit and an additional sum of cash was found on Mr. Cruz's person; (7) Ohio food benefits cards for Mr. Cruz and his girlfriend as well as his girlfriend's identification card were found in the nightstand where the $17,042.00 was located; (8)

two additional males and a female were found hiding or "squatting" in the basement of the home during the search, but the individuals in the basement could not access the upstairs unit without leaving the basement and entering the front door and no narcotics were found in the basement; (9) a large baggie of suspected marijuana and plastic bags were found on the main floor of the residence where Mr. Cruz's mother resided; and (10) law enforcement testified the large amount of money in various denominations, the large amount of drugs, the baggies and specifically torn baggies, the scale and other drug paraphernalia were indicative of drug trafficking.

{¶15} Mr. Cruz did not testify, but in an interview with police, Mr. Cruz admitted he had the gun for protection and claimed the money seized was from "unemployment." Mr. Cruz admitted he needed to change his ways and said he shouldn't be doing what he was doing but he did not explicitly admit to trafficking drugs. Mr. Cruz acknowledged the drugs in the residence, but stated he did not believe it was in the amount told to him by police. At trial, Mr. Cruz stipulated to the prior drug conviction.

{¶16} Mr. Cruz argues he was outside of the residence when police arrived to execute the search warrant and he was not found with the drugs, paraphernalia, and gun. Moreover, he argues there was no evidence connecting him to the items, and therefore no evidence of "possession." While there was no testimony that Mr. Cruz was physically holding the drugs, paraphernalia, gun, and the bulk of the cash when the search was conducted, that is not necessary for a conviction. Possession can be either actual or constructive and, in this case, the State proved constructive possession. Constructive possession exists when an individual knowingly exercises dominion and control over an object. While possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which thing or substance is found[,]" *State v. Williams*, 2024-Ohio-2295, ¶ 7 (9th Dist.), quoting R.C. 2925.01(K), this Court

has determined "a person may knowingly possess a substance or object through either actual or constructive possession." *State v. Hilton*, 2004-Ohio-1418, ¶ 16 (9th Dist.). A person may constructively possess a substance or object if he "'knowingly exercis[es] dominion and control over an object, even though that object may not be within his immediate physical possession [,]' or [if he has] knowledge of the presence of the object." (Alterations added.) *Williams* at ¶ 7, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Although a defendant's mere proximity may be in itself insufficient to establish constructive possession, "presence in the vicinity of contraband, coupled with another factor or factors probative of dominion or control over contraband, may establish constructive possession." *State v. Wiley*, 2019-Ohio-3092, ¶ 14 (8th Dist.), quoting *State v. Chafin,* 2017-Ohio-7622, ¶ 41 (4th Dist.).

{¶17} Further, "[d]rug trafficking may be proven by circumstantial evidence." *State v. Lopez-Olmedo*, 2022-Ohio-2817, ¶ 33 (9th Dist.). "This Court and our sister courts have held that the convergence of illegal drugs, drug paraphernalia (including baggies), and large sums of cash permit a reasonable inference that a person was preparing drugs for shipment." (Internal quotations and citations omitted.) *Id.,* quoting *State v. Delaney*, 2018-Ohio-727, ¶ 11*; see also State v. Mobley*, 2023-Ohio-2229, ¶ 9 (9th Dist.).

{¶18} In viewing this evidence in a light most favorable to the State, a rational trier of fact could reasonably conclude Mr. Cruz knowingly possessed and sold or was prepared to sell 100 times the bulk amount of methamphetamine, or 300 grams, knowingly possessed a firearm while under disability, and the money seized was derived from Mr. Cruz's drug trafficking operation. Drugs and drug trafficking supplies and paraphernalia were in plain view on the kitchen table in the unit of the home where Mr. Cruz resided. A loaded revolver was found near the drugs and trafficking paraphernalia. Mr. Cruz admitted to having drugs, although he did not admit to the

amount found. Over $18,000.00 in mixed denomination cash was found in Mr. Cruz's nightstand and on his person. Mr. Cruz stipulated to a previous felony drug conviction and admitted to possession of the gun for protection. Considering this evidence in the light most favorable to the State, a rational trier of fact could conclude Mr. Cruz was engaged in drug possession and trafficking. Additionally, based upon this evidence, a rational trier of fact could also reasonably conclude Mr. Cruz was complicit in the drug possession and drug trafficking offenses if he was not the principal offender. The evidence presented at trial was sufficient to support the convictions.

{¶19} Accordingly, Mr. Cruz's second and third assignments of error are overruled.

**ASSIGMENT OF ERROR IV**

**MR. CRUZ'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶20} In his fourth assignment of error, Mr. Cruz contends his convictions are against the manifest weight of the evidence. Mr. Cruz's argument, however, is the same as his sufficiency argument.

{¶21} This Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the

conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**{¶22}** An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). Here, Mr. Cruz does not challenge the credibility of the State's witnesses or evidence, but simply reiterates what he argued in his sufficiency argument.

**{¶23}** Although Mr. Cruz classified this as a manifest weight argument, he has not developed a manifest weight argument and this Court will not develop one on his behalf. *See State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.) ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."). *See also* App.R. 16(A)(7). Notwithstanding Mr. Cruz's lack of argument, this Court has reviewed the entire record. In so doing, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that Mr. Cruz's convictions must be reversed and a new trial ordered.

**{¶24}** Accordingly, Mr. Cruz's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN GRANTING THE STATE'S ORAL MOTION AT THE CLOSE OF ITS CASE TO ADD JURY [INSTRUCTIONS FOR] COMPLICITY FOR THE OFFENSES OF AGGRAVATED TRAFFICKING AND AGGRAVATED [POSSESSION] OF DRUGS.**

**{¶25}** In his first assignment of error, Mr. Cruz argues the trial court erred when it granted the State's oral motion to add a jury instruction for complicity regarding the offenses of aggravated trafficking and aggravated possession of drugs at the close of its case. Specifically, Mr. Cruz argues he was prejudiced by the lack of notice that the State would seek a jury instruction for

complicity and had he known the State would seek such an instruction, his attorney would have followed a different strategy and would have asked different questions of the State's witnesses.

**{¶26}** This Court reviews a trial court's decision on whether to give a requested jury instruction using an abuse of discretion standard. *State v. Sanders*, 2009-Ohio-5537, ¶ 45 (9th Dist.).

**{¶27}** R.C. 2923.03(A)(2) provides in relevant part: "[n]o person, acting with the kind of culpability required for the commission of an offense, shall … [a]id or abet another in committing the offense[.]" R.C. 2923.03(F) provides in relevant part: "[w]hoever violates [R.C. 2923.03] is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender." A defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is stated in terms of the principal offense and does not mention complicity. *State v. Herring*, 2002-Ohio-796, ¶ 35, quoting R.C. 2923.03(F). "A complicity instruction is proper if 'the evidence adduced at trial could reasonably be found to have proven the defendant guilty as an aider and abettor[.]'" *State v. Simpson*, 2013-Ohio-4276, ¶ 33 (9th Dist.), quoting *State v. Perryman*, 49 Ohio St.2d 14 (1976), paragraph five of the syllabus.

**{¶28}** While Mr. Cruz argues had he known the State would seek a complicity instruction, his attorney would have cross-examined the various law enforcement officers and BCI forensic scientist differently, he has not explained what different questions his attorney would have asked. Therefore, he has not shown prejudice. *See Herring* at ¶ 36.

**{¶29}** The evidence at trial showed there were multiple persons in the home before it was searched and various persons were described in testimony as residing in one of the upstairs units or hiding or squatting in the basement. Mr. Cruz was outside of the house when police arrived to

execute the search warrant. The photographs admitted as exhibits at trial show the drugs and paraphernalia on the kitchen table in the upstairs unit in plain view to whoever walked into the kitchen. It could reasonably be inferred from the evidence that Mr. Cruz was either trafficking in methamphetamine himself or allowing someone else to use his home for trafficking, or both. When cross-examining the State's witnesses, Mr. Cruz's attorney specifically asked about multiple persons and multiple living quarters within the residence and about a large bag of marijuana and plastic bags found in the unit where Mr. Cruz's mother resided which could be evidence of drug trafficking. Based on this, the trial court did not abuse its discretion in instructing the jury on complicity.

{¶30} Accordingly, Mr. Cruz's first assignment of error is overruled.

### III.

{¶31} For the foregoing reasons, Mr. Cruz's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.