[Cite as *State v. Gutierrez*, 2019-Ohio-4626.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

VICTOR GUTIERREZ

    Appellant

C.A. No.     18AP0043

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2018 CRC-I 000069

DECISION AND JOURNAL ENTRY

Dated: November 12, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Victor Gutierrez, appeals from his convictions in the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} A convicted drug trafficker ("A.P.") was caught by his probation officer with 5 grams of cocaine and $4,000.00 in cash while on community control. He soon struck a deal to be paid $550.00 and avoid prosecution by cooperating with the Medway Drug Enforcement Agency ("Medway") in an investigation into the alleged source of his cocaine: Mr. Gutierrez. Through recorded phone calls and texting, A.P. arranged to purchase cocaine from Mr. Gutierrez, which soon led to a controlled buy where A.P. made a partial payment of $600.00 cash to Mr. Gutierrez's associate ("K.O.") and received a "brick" of cocaine weighing 140.45 grams. On two separate occasions, and while under surveillance, A.P. met Mr. Gutierrez and

paid him another $3,900.00 cash and $1,500.00 cash, respectively. The money used by A.P. to pay for the drugs was all documented and supplied by Medway.

{¶3} Mr. Gutierrez was charged with two first-degree felonies—trafficking in cocaine and possession of cocaine—both of which were accompanied by major drug offender ("MDO") specifications. After a bench trial, the trial court granted Mr. Gutierrez's Crim.R. 29 motion for acquittal as to the possession charge, but then found him complicit in, and therefore guilty of, the trafficking charge and its attendant MDO specification. The court sentenced him to a mandatory prison term of 11 years and imposed a mandatory fine of $10,000.00.

{¶4} Mr. Gutierrez now appeals from his conviction and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO SUPPORT THE APPELLANT'S[ ]CONVICTION.

{¶5} In his first assignment of error, Mr. Gutierrez argues that his conviction was not based on sufficient evidence because no evidence was presented to show that he was "anywhere near the Wendy's parking lot on March 20, 2017[,] when [A.P.] purchased cocaine from [K.O.]" or even on the phone with A.P. during the drug transaction. We disagree.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Sufficiency concerns the burden of production and tests whether the prosecution presented adequate evidence for the case to go to the jury." *State v. Bressi*, 9th Dist. Summit No. 27575, 2016-Ohio-5211, ¶ 25, citing *Thompkins* at 386. "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. However, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.

{¶7} Mr. Gutierrez was convicted of trafficking in cocaine, under R.C. 2925.03(A)(1), which provides: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance * * *." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Because cocaine is a Schedule II controlled substance and the amount at issue in this case exceeded 100 grams, the offense was a felony of the first degree and Mr. Gutierrez was a major drug offender, requiring a maximum mandatory prison term. *See* R.C. 3719.41, Schedule II (A)(4); R.C. 2925.03(C)(4)(g); R.C. 2941.1410(A). "Major drug offenders" include offenders convicted of the sale of, or offer to sell, at least 100 grams of cocaine. R.C. 2929.01(W). The trial court found Mr. Gutierrez complicit in the trafficking of cocaine. "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240 (2001), syllabus. The offender's intent may be inferred from the surrounding circumstances. *Id.*

{¶8} At trial, several Medway Agents—including Jason Waddell, Quinn McConnell, Adam Bupp, Andrew Koch, and Joshua Hunt—all testified as to their involvement in the investigation as well as the extensive audio and video surveillance of the controlled buys in this

matter. Many audio files and videos from their surveillance were introduced into evidence, including text messages between A.P. and Mr. Gutierrez.

{¶9} A.P. testified that he had purchased cocaine from Mr. Gutierrez several times before he began working with the Medway agents in their investigation. According to A.P., Mr. Gutierrez would "front" him the cocaine, A.P. would sell it over the span of a few days, and he would then pay Mr. Gutierrez cash. Although Mr. Gutierrez contends in his second assignment of error that this particular testimony from A.P. should have been objected to as improper other acts evidence, the Supreme Court of Ohio has emphasized that "the interest in the administration of justice dictates that the appellate court review the issue of sufficiency in consideration of all evidence presented by the State in its case in chief, whether such evidence was properly admitted or not." *State v. Dixon*, 9th Dist. Medina Nos. 11CA0065-M and 11CA0087-M, 2012-Ohio-4428, ¶ 18, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19.

{¶10} During his testimony, A.P. identified both his own voice and Mr. Gutierrez's voice in several recorded phone calls in which the two men discuss A.P. buying cocaine from Mr. Gutierrez. A.P. also identified printouts of text message conversations between him and Mr. Gutierrez, and testified that the content of the messages included money, drugs, and meeting up. In a text message from March 20, 2017, Mr. Gutierrez offers "Wendy's in woo" as the place to meet, which A.P. testified refers to the Wendy's in Wooster. When A.P. confirms via text that he is on his way, Mr. Gutierrez responds by text, "OK my guy there bro[.]" A.P. testified that after the Medway agents wired him up, he drove alone to Wendy's, entered K.O.'s car, handed him $600.00 cash, retrieved the cocaine from inside the glove compartment, and then left to meet back up with the Medway agents. The "brick" of cocaine weighed 140.45 grams, and Mr. Gutierrez has not challenged the weight of the drugs on appeal. Although Mr. Gutierrez argues

that he was not present for this illicit transaction between A.P. and K.O., we note that the physical presence of a complicitor is not required for a finding that the offender has aided or abetted. *State v. Ayala*, 10th Dist. Franklin Nos. 95APA02-145 and 95APA02-165, 1995 WL 645234, *5 (Oct. 31, 1995), citing *State v. Lisiewski*, 20 Ohio St.2d 20, 23 (1969). *See also State v. Carpenter*, 6th Dist. Lucas No. L-82-339, 1983 WL 6803, *8 (May 20, 1983), fn. 9. Agent Waddell also testified that, based on his training and experience, it is common for the person distributing drugs to not be present when the drugs are exchanged. Moreover, the Supreme Court of Ohio has held that anyone who acts as a "link in the chain of supply" of drug trafficking is guilty of "offering to sell" the drug under R.C. 2925.03(A)(1). *In re M.D.*, 9th Dist. Summit No. 28087, 2016-Ohio-5393, ¶ 7, citing *State v. Scott*, 69 Ohio St.2d 439, 441 (1982).

{¶11} A.P. also testified that he paid cash to Mr. Gutierrez in person on two separate occasions. On March 29, 2017, A.P. wore a wire and drove alone to meet up with Mr. Gutierrez and pay him $4,000.00 cash. A.P. parked outside of an El Campesino and waited for Mr. Gutierrez, who soon arrived on foot and entered A.P.'s car. A.P. gave Mr. Gutierrez $3,900.00[1] cash while they were inside the car and then drove Mr. Gutierrez somewhere and dropped him off. On April 6, 2017, A.P. wore a wire again and drove to pay Mr. Gutierrez the remaining $1,500.00 cash he owed for the cocaine. While on the road, the car in front of A.P. stopped and another car pulled up beside him. Mr. Gutierrez was in the front passenger seat of the parallel car and told A.P., "Toss it over here." A.P. then threw the money into Mr. Gutierrez's car.

{¶12} This Court determines that the State presented sufficient evidence at trial, if believed, that Mr. Gutierrez was at the very least complicit in the trafficking of cocaine. The

---

[1] A.P. intended to give Mr. Gutierrez all of the $4,000.00 cash provided by Medway agents, but $100.00 became accidentally stuck in his hoodie pocket when the money was removed and, consequently, Mr. Gutierrez only received $3,900.00 cash.

evidence demonstrated that Mr. Gutierrez was intimately involved in selling a large amount of cocaine to A.P. for him to then sell on the street. Mr. Gutierrez and A.P. corresponded with each other extensively in arranging for A.P. to pick up the drugs from K.O., and A.P. made two large payments of cash to Mr. Gutierrez in person. Because the amount of cocaine exceeded 100 grams, Mr. Gutierrez was a major drug offender. The trial court, as finder of fact, could have reasonably determined that the State proved each and every element of trafficking in cocaine beyond a reasonable doubt.

{¶13} Accordingly, Mr. Gutierrez's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEYS DID NOT OBJECT TO THE INTRODUCTION OF "OTHER ACTS" EVIDENCE DURING THE APPELLANT'S TRIAL

{¶14} In his second assignment of error, Mr. Gutierrez argues that his trial counsel was ineffective for failing to object to A.P.'s "other acts" testimony at trial that he purchased cocaine from Mr. Gutierrez several times prior to incidents in this case. We disagree.

{¶15} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, debatable trial tactics will not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989),

paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶16} Mr. Gutierrez claims that counsel should have objected to A.P.'s testimony regarding prior drug deals because nothing in the record indicates the prosecutor provided notice of its intent to introduce such testimony, the testimony was highly prejudicial, and it did not fall within any of the Evid.R. 404(B) exceptions. He does not, however, develop any actual arguments beyond making these broad, conclusory statements. *See* App.R. 16(A)(7). It is also well-settled that defense counsel's "failure to make objections are 'within the realm of trial tactics' and do not establish ineffective assistance of counsel." *State v. Parker*, 9th Dist. Lorain No. 98CA007158, 2000 WL 235538, *7 (Mar. 1, 2000), quoting *State v. McCroskey*, 9th Dist. Wayne No. 96CA0026, 1997 WL 164322, *4 (Apr. 2, 1997). Mr. Gutierrez has not shown how counsel's failure to object to this testimony constituted deficient performance. Even assuming arguendo that A.P.'s testimony constituted inadmissible other acts evidence under Evid.R. 404(B), Mr. Gutierrez has not demonstrated how the result of his trial would have been different had the testimony been excluded. *See State v. Kraus*, 6th Dist. Ottawa No. OT-15-034, 2016-Ohio-8003, ¶ 39. This Court likewise discerns nothing from the record that indicates the trial court relied on this particular testimony in reaching its guilty verdict. "We indulge in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. White*, 15 Ohio St.2d 146, 151 (1968).

{¶17} Because Mr. Gutierrez has not demonstrated how his trial counsel's failure to object to A.P.'s testimony was indicative of deficient performance, and has likewise failed to show how he suffered any resulting prejudice, we find no merit in his ineffective assistance of counsel claim.

{¶18} Accordingly, Mr. Gutierrez's second assignment of error is overruled.

### III.

{¶19} Mr. Gutierrez's first and second assignments of error are both overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ANTHONY KOUKOUTAS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.