[Cite as *State v. Graham*, 2025-Ohio-3134.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31075 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JENNIFER GRAHAM | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2023-08-2882 |

DECISION AND JOURNAL ENTRY

Dated: September 3, 2025

SUTTON, Judge.

{¶1} Defendant-Appellant Jennifer Graham appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from an arson at a residence in Akron, Ohio. The residence is owned by K.R., Ms. Graham's mother. At the time of the arson, K.R. resided in the residence with Ms. Graham, J.G., K.R.'s son and Ms. Graham's brother, and Hook, their family dog. K.R. was at work when the fire started, but Ms. Graham, J.G., and Hook were in the residence. J.G. told investigators Ms. Graham started the fire on her bed. After an investigation, Ms. Graham was indicted on one count of aggravated arson, in violation of R.C. 2909.02(A)(1)/(B)(2), a felony of the first degree; and one count of aggravated arson, in violation of R.C. 2909.02(A)(2)/(B)(3), a felony of the second degree.

{¶3} Ms. Graham pleaded not guilty and a jury trial followed. The jury found Ms. Graham guilty on both counts of aggravated arson. The trial court merged counts one and two, and the State proceeded to sentencing on count one, the first degree felony. The trial court sentenced Ms. Graham to an indefinite prison term of a minimum of 6 years to a maximum of 9 years. Further, the trial court ordered Ms. Graham to pay $19,942.98 in restitution to K.R. for the damage to the residence and $509.85 in restitution to the State Fire Marshal.

{¶4} Ms. Graham now appeals raising three assignments of error for our review. We group certain assignments of error to aid our analysis.

II.

**ASSIGNMENT OF ERROR I**

**THE COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ALLOW THE JURY INSTRUCTION OF ACCIDENT.**

{¶5} In her first assignment of error, Ms. Graham argues the trial court abused its discretion in failing to provide the Ohio Jury Instruction ("OJI") for accident.

{¶6} "A trial court has broad discretion to decide how to fashion jury instructions, but it must 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.'" *State v. White*, 2015-Ohio-492, ¶ 46, quoting *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. "An abuse of discretion implies that the judgment was unreasonable, arbitrary, or unconscionable." *Uecker v. Uecker*, 2024-Ohio-4566, ¶ 9 (9th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, a jury instruction is required to present a correct, pertinent statement of the law that is appropriate to the facts. *State v. Griffin*, 2014-Ohio-4767, ¶ 5.

{¶7} Here, Ms. Graham requested the trial court provide the jury with an instruction for accident. "Accident" is defined in OJI as follows:

> An accidental result is one that occurs unintentionally and without any design or purpose to bring it about. An accident is a mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act.

Ohio Jury Instructions, CR 421.01 (2023).

{¶8} Given the facts of this case, however, we cannot say the trial court abused its discretion in declining to provide the jury with an instruction for accident. Ms. Graham repeatedly testified she did not know how the fire started, although she admitted to putting a lighted "10-pound" candle on her bed. J.G. testified that Ms. Graham, after screaming, slamming doors, and breaking glass, started the fire on her bed, did nothing to put it out, and looked "calm" as it was burning. Ms. Graham's neighbor, C.W., testified she also heard screaming and crashing coming from Ms. Graham's bedroom and she identified the person screaming as Ms. Graham. C.W. saw Ms. Graham leaving the residence with the fire still ablaze, and Ms. Graham stated: "[h]ow do you like that?" C.W. also testified she saw Ms. Graham wearing a backpack which investigators later discovered contained, among other things, a butane lighter. Further, the investigation into the fire did not lead investigators to believe it was started accidentally. In fact, when Springfield Police Officer Ty Klapp finally located Ms. Graham, she ran from him and surrendered at taser point. Additionally, Fire Marshall Donald Illig testified this was "an incendiary fire or intentionally set fire" that started in Ms. Graham's bedroom.

{¶9} As indicated above, the trial court had the duty to fully include all information which is relevant and necessary for the fact finder in its jury instructions. Because the facts and evidence in this case do not support Ms. Graham's argument that the fire started due to an "accident," the trial court's decision not to provide the instruction was appropriate.

{¶10}  Accordingly, Ms. Graham's first assignment or error is overruled.

**ASSIGNMENT OF ERROR II**

**[MS. GRAHAM'S] CONVICTIONS WERE NOT BASED UPON SUFFICIENT EVIDENCE AS A MATTER OF LAW.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED WHEN IT DENIED [MS. GRAHAM'S] CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL.**

{¶11}  In her second and third assignments of error, Ms. Graham argues her conviction for aggravated arson, pursuant to R.C. 2909.02(A)(1), is not supported by sufficient evidence. Specifically, Ms. Graham argues the State failed to prove that, in starting the fire, Ms. Graham created a substantial risk of serious physical harm to any person.  Because Ms. Graham limits her sufficiency argument to whether she created a substantial risk of serious physical harm to any person, we will similarly limit our analysis.

{¶12}  "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State.  *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the

one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

{¶13} R.C. 2909.02(A) states, in relevant part:

No person, by means of fire or explosion, shall knowingly do any of the following:

(1) Create a substantial risk of serious physical harm to any person other than the offender[.]

Pursuant to R.C. 2901.01(A)(5), serious physical harm to persons means any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶14} Here, the following evidence was presented at trial regarding Ms. Graham's creation of a substantial risk of serious physical harm to any person by starting the fire: (1) J.G. testified after hearing a "commotion" caused by Ms. Graham, he smelled something curious and could see a luminous glow coming out of Ms. Graham's bedroom; (2) J.G. opened Ms. Graham's bedroom door and saw a fire, about a foot high, on the bed near the window; (3) J.G. was stressed and panicked when he saw the fire, while Ms. Graham stood by calmly with no emotion; (4) J.G. left Ms. Graham's bedroom for approximately 20 seconds to find something to put the fire out, and when he returned to Ms. Graham's bedroom he saw the fire moving fast up the curtains; (5) J.G. then went to the living room and called 911, but the family dog ran back into the hallway by Ms. Graham's bedroom; (6) J.G. testified smoke was now coming out of Ms. Graham's bedroom

into the hallway and he wanted to get Hook to safety, but the dog would not listen to him; (7) J.G. testified the fire department was able to remove Hook from the residence when they arrived; (8) C.W. testified she smelled and saw smoke, and the fire got so hot that the glass broke and flames were coming out of Ms. Graham's bedroom windows; (9) the fire marshal testified, based upon his investigation, fire was venting through Ms. Graham's bedroom window and up to the roof, and fire was also venting from Ms. Graham's bedroom into the hallway with some smoke in the kitchen and living room; and (10) Captain Steve Simich informed the fire marshal that when the fire department arrived at the house, "the fire was venting through two windows at the northwest corner of the house."

{¶15} In viewing this evidence in a light most favorable to the State, the jury could reasonably conclude beyond a reasonable doubt that, in starting a fire which was hot enough to break windows and vent up to the roof and into the hallway, while J.G. was in the residence with the family dog, Ms. Graham created a substantial risk of serious physical harm to any person, including J.G. and the first responders.

{¶16} Accordingly, Ms. Graham's second and third assignments of error are overruled.

III.

{¶17} For the foregoing reasons, Ms. Graham's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.