[Cite as *State v. Russell*, 2026-Ohio-610.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 24AP0035 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAMELA RUSSELL | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2023 CRC-I 000036 |

DECISION AND JOURNAL ENTRY

Dated: February 23, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1}  Pamela Russell appeals from the judgment of the Wayne County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  A grand jury indicted Russell on one count of aggravated trafficking in drugs (methamphetamine), one count of aggravated possession of drugs (methamphetamine), one count of trafficking in a fentanyl-related compound, and one count of possession of a fentanyl-related compound.  Russell pleaded not guilty and the matter proceeded to a jury trial.

{¶3}  At trial, the State presented testimony from Agent Festa with the Medway Drug Enforcement Agency ("Medway").  Agent Festa testified that a confidential informant (the "C.I.") informed Medway agents that P.D. indicated he would sell the C.I. $70 worth of methamphetamine and $50 worth of fentanyl.  Medway agents arranged with the C.I. to conduct a controlled purchase of methamphetamine and fentanyl from P.D.  Agent Festa testified that he picked up the C.I.,

searched him to ensure he had no cash or drugs on his person, and then gave the C.I. $120 in cash to purchase illegal drugs from P.D. Agent Festa explained that agents equipped the C.I. with an audio and visual device that allowed agents to live stream the C.I.'s movements.

{¶4} Agent Festa testified that he dropped the C.I. off near P.D.'s apartment, and that he and other agents monitored the C.I.'s movements throughout the controlled purchase. Agent Festa testified that the C.I. went into P.D.'s apartment, exited the apartment, and then met him at a prearranged location. The C.I. immediately turned over the drugs he purchased to Agent Festa, which tested positive for methamphetamine (3.53 grams) and fentanyl (0.45 grams).

{¶5} The State played the video of the controlled purchase for the jury. Agent Festa explained that the video showed the C.I. interacting with Russell inside P.D.'s apartment. Agent Festa also explained that, while he could not see the exchange of money and drugs in the video, he heard a "flipping noise[,]" which he explained was the sound of "cash changing hands[.]" The State then presented Agent Festa with a screenshot from the video, which Agent Festa testified showed Russell opening the apartment door and interacting the C.I. On cross-examination, Agent Festa acknowledged that he was unable to tell from the video if anyone other than Russell was inside P.D.'s apartment.

{¶6} After the State rested, defense counsel moved for acquittal under Crim.R. 29, which the trial court denied. The defense presented no witnesses. The jury found Russell guilty of the charged offenses. The trial court merged the counts for possession with the counts for trafficking for purposes of sentencing. The trial court then sentenced Russell to a total of 12 months of incarceration. Russell now appeals, raising three assignments of error for this Court's review.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT**

EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MS. PAMELA RUSSELL.

{¶7} In her first assignment of error, Russell asserts that the State failed to present sufficient evidence in support of her convictions. For the following reasons, this Court overrules Russell's first assignment of error.

{¶8} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the State proved the essential elements of the crime beyond a reasonable doubt. *Id.* The trier of fact is entitled to rely on direct, as well as circumstantial evidence. *See id.*

{¶9} The jury found Russell guilty of: (1) aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(1); (2) aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A); (3) trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(1); and (4) possession of a fentanyl-related compound in violation of R.C. 2925.11(A). On appeal, Russell does not identify which conviction the State failed to support with sufficient evidence. Based upon the limited argument presented, Russell appears to challenge her convictions for trafficking. To that end, Russell asserts that, "[w]hile narcotics were recovered; at no point[] was there any indication that [she] was responsible or involved in the transaction."

{¶10}  In support of her argument, Russell asserts that Agent Festa did not observe the exchange of drugs and money, and that the State's video of the transaction did not capture the actual exchange of drugs and money.  In short, Russell does not challenge the fact that the C.I. purchased illegal drugs at P.D.'s apartment.  Instead, she simply asserts that the State failed to present sufficient evidence to prove that she was involved in the transaction.  For the following reasons, this Court disagrees.

{¶11}  R.C. 2925.03(A)(1) governs trafficking offenses and provides that "[n]o person shall knowingly . . . [s]ell or offer to sell a controlled substance or a controlled substance analog . . . ."  As the Ohio Supreme Court has made clear, anyone who acts as a "link in the chain of supply" of drug trafficking is guilty of "offering to sell" the drug for purposes of R.C. 2925.03(A)(1).  *State v. Scott*, 69 Ohio St.2d 439, 441 (1982); *State v. Gutierrez*, 2019-Ohio-4626, ¶ 10 (9th Dist.).

{¶12}  Here, the State presented evidence indicating that the C.I. and P.D. arranged for the C.I. to purchase $120 worth of illegal drugs from P.D.  The State presented evidence indicating that the C.I. went to P.D.'s apartment with $120 in cash and no drugs on his person.  The State also presented evidence indicating that Russell opened the door to P.D.'s apartment and interacted with the C.I.  The State played the video of the controlled purchase for the jury.  Although most of the audio from the video is unintelligible, the video reflects that the C.I. interacted solely with Russell while inside P.D.'s apartment.  The State also presented evidence indicating that the C.I. left the apartment without the $120 in cash and with drugs that tested positive for methamphetamine (3.53 grams) and fentanyl (0.45 grams).  Viewing this evidence in a light most favorable to the State, this Court concludes that the State presented sufficient evidence for the jury to reasonably conclude that the State proved the essential elements of drug trafficking beyond a

reasonable doubt. *See Jenks*, 61 Ohio St.3d at 273. Accordingly, Russell's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**MS. PAMELA RUSSELL'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).**

{¶13} In her second assignment of error, Russell asserts that her convictions were against the manifest weight of the evidence. For the following reasons, this Court overrules Russell's second assignment of error.

{¶14} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.).

{¶15} Russell has not identified which conviction she claims was against the manifest weight of the evidence. Based upon the limited argument presented, Russell appears to challenge her convictions for trafficking. In support of her argument, Russell asserts that the State's video of her interaction with the C.I. does not capture the exchange of drugs or money, and that she was simply present in P.D.'s apartment. Russell also asserts that the video does not show whether

anyone else was in P.D.'s apartment at the time, and that "there is not enough to link her as the responsible party for this transaction."

{¶16} Russell's argument lacks merit. The State presented evidence indicating that the C.I. arranged to purchase $120 worth of illegal drugs from P.D. The State also presented evidence that the C.I. entered P.D.'s apartment with $120 in cash and no drugs on his person. After interacting solely with Russell, the C.I. left the apartment without the $120 in cash and with drugs that tested positive for methamphetamine (3.53 grams) and fentanyl (0.45 grams). Having reviewed the entire record, this Court cannot say that this is the exceptional case in which the evidence weighed heavily against Russell's convictions for drug trafficking. Consequently, Russell's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN DENYING MS. PAMELA RUSSELL'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL.**

{¶17} In her third assignment of error, Russell argues that the trial court erred by denying her Crim.R. 29 motion for acquittal. For the following reasons, this Court overrules Russell's third assignment of error.

{¶18} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Graham*, 2025-Ohio-3134, ¶ 12 (9th Dist.), quoting *State v. Tenace*, 2006-Ohio-2417, ¶ 37. Thus, the standard set forth in this Court's analysis of Russell's first assignment of error applies here.

{¶19} Aside from reciting the standard of review, Russell's argument in support of her assignment of error is five-sentences long and neither contains citations to the record, nor any authority in support of her argument. *See* App.R. 16(A)(7). Instead, Russell summarily concludes that the trial court erred by denying her Crim.R. 29 motion for acquittal because the evidence only

indicated that she was present in P.D.'s apartment, and her convictions relied upon "[a]ssumptions" as to what occurred inside P.D.'s apartment.

{¶20} To the extent Russell's limited argument challenges her convictions for drug trafficking, this Court rejects her argument for the same reasons set forth in our resolution of Russell's first assignment of error. To the extent Russell attempts to challenge her convictions for drug possession, Russell has neither cited the record, nor any law in support of her argument. *See* App.R. 16(A)(7). This Court will not develop an argument on Russell's behalf. *State v. Mingo*, 2024-Ohio-543, ¶ 27 (9th Dist.). Russell's third assignment of error is overruled.

III.

{¶21} Russell's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH SALZGEBER, Assistant Prosecuting Attorney, for Appellee.